FILED



**NOT FOR PUBLICATION**

NOV 24 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| JOGINDER SINGH, | No. 09-74066 |
| Petitioner, | Agency No. A095-599-990 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 6, 2014**
San Francisco, California

Before: WARDLAW, W. FLETCHER, and WATFORD, Circuit Judges.

Joginder Singh, a native and citizen of India, petitions for review of the

Board of Immigration Appeals' (BIA) decision affirming the Immigration Judge's

(IJ) denial of his applications for asylum, withholding of removal, and relief under

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

the Convention Against Torture (CAT).  We have jurisdiction pursuant to 8 U.S.C. § 1252, and we deny the petition.

We conclude that the IJ's decision, which was adopted by the BIA, is supported by substantial evidence.  *Rizk v. Holder*, 629 F.3d 1083, 1087 (9th Cir. 2011).  The IJ denied Singh's applications after finding Singh not credible based on inconsistencies between his oral testimony and his written statement, and the record does not compel a contrary conclusion.  *Id.*  In his written statement, Singh claimed that his cousin and fellow political activist, Vikramjit, was found dead in April of 2002, shortly after Singh complained to a local attorney of police brutality against members of Singh's party.  When asked on cross-examination who was killed, Singh testified that Harbhajan, Vikramjit's father, was actually the party activist who had been killed.  Singh also insisted that Vikramjit was actually his friend, not his cousin.  Singh further testified that Harbhajan "was arrested with me on 24th March 2001, [and] his dead body was hung close to his village."  When asked if both Vikramjit and Harbhajan had been found dead, Singh testified as follows: "No, it was Vikramjit Singh."

Despite having ample opportunity to do so on cross-examination, Singh was unable to explain his inconsistent testimony about the year of the alleged death, the event preceding that death, the nature of his relationship with Vikramjit, or the

2

identity of who was killed. *See Rizk*, 629 F.3d at 1088. These inconsistencies clearly go to the heart of Singh's claim and are thus sufficient to support the IJ's adverse credibility finding. *Id.* at 1087–89. Because Singh's documentary evidence contained many of the same inconsistencies as his written statement, the IJ's decision to discredit this documentary evidence is also supported by substantial evidence. *See Lin v. Gonzales*, 434 F.3d 1158, 1162 (9th Cir. 2006). In the absence of this discredited evidence, Singh cannot meet his burden of establishing eligibility for asylum, withholding of removal, or CAT relief. *Rizk*, 629 F.3d at 1091; *Farah v. Ashcroft*, 348 F.3d 1153, 1156, 1157 (9th Cir. 2003). Accordingly, we deny Singh's petition.

**Petition DENIED.**